Redding v. Posten.

---

JAMES I. REDDING, APPELLEE, v. F. E. POSTEN, APPELLANT.

FILED NOVEMBER 13, 1922.   No. 21713.

**Evidence:** SALE AND CREDIT SLIPS.  In an action by a merchant to re-cover from a customer a balance due for goods sold and delivered on credit, sale and credit slips showing the original entries of charges, dates, articles, prices, and credits are admissible in evi-dence the same as books of account, if the proper foundation is laid.

APPEAL from the district court for Thomas county: BAYARD H. PAINE, JUDGE.  *Affirmed.*

*Farrish A. Reisner,* for appellant.

*W. C. Heelan, John H. Evans* and *Dale P. Stough,* contra.

Heard before LETTON, ROSE, ALDRICH and DAY, JJ., REDICK and SHEPHERD, District Judges.

ROSE, J.

Plaintiff was engaged in the mercantile business at Seneca, Nebraska, where he conducted a general store, and he brought this action to recover $1,085.38 for groceries and other articles of merchandise sold and delivered to de-

fendant between October 18, 1917, and November 23, 1918. The items comprising the claim were charged in a running account. Defendant pleaded payment in cash for all articles purchased, and denied the buying or ordering of any goods on credit or the incurring of any indebtedness whatever. Upon a trial of the issues the jury rendered a verdict in favor of plaintiff for $1,000. From a judgment thereon defendant has appealed.

The record presents little for review. If the position of defendant is correctly understood, the principal complaint is that there is no foundation for the introduction of the accounts on which the verdict is based. Plaintiff made his original entries in two different forms. During a portion of the period covered by the accounts, the dates, articles, prices and credits were entered by plaintiff, or an authorized clerk, in a book kept for that purpose. Thereafter similar data were likewise entered on sale or credit slips according to a new system. Plaintiff testified in substance that the charges under both methods showed a continuous dealing with the person charged; that the book and slips contained the original entries; that the charges were just and true and were made at or near the time of the transactions entered; that the prices charged were the fair and reasonable market prices for the goods at the time, and that they were sold and delivered as shown by the entries. Rev. St. 1913, sec. 7904. The objection seems to be that these slips were not admissible as books of account under the rules of evidence. They contain the same data, answer the same purpose, and are now considered admissible, if the foundation is properly laid, as it was in the present case.

The judgment is sustained by the evidence and there is no prejudicial error in the record.

AFFIRMED.